1 | **MARGO A. RAISON, COUNTY COUNSEL**
**By: Robert J. Rice, Deputy (SBN 131255)**
2 | **Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
3 | **Bakersfield, CA 93301**
**Telephone 661-868-3800**
4 | **Fax 661-868-3805**

5

6 | **Attorney for County of Kern, et al.**

7 | **UNITED STATES DISTRICT COURT**

8 | **EASTERN DISTRICT OF CALIFORNIA**

9

10 | **ZACHARY JOHNSON**                )   **Case No.:**
                                       )
11 |            **Plaintiff(s),**       )
                                       )
12 |    **vs.**                         )   **NOTICE OF REMOVAL OF ACTION**
                                       )   **PURSUANT TO 28 U.S.C. §1441(a)**
13 | **COUNTY OF KERN; KERN COUNTY**    )
14 | **SHERIFF, DONNY Y OUNGBLOOD, in his** )
    **capacity, and DOES 1 to 100, inclusive, in their** )
15 | **individual capacities,**         )
                                       )
16 |            **Defendant(s).**       )
                                       )
17 | _____)

18 |        Defendants County of Kern, Kern County Sheriff Donny Youngblood, give notice of

19 | removal of the case of *Zachary Johnson v. County of Kern, et al.,* Kern County Superior Court Case

20 | No. BCV-20-10178, to the United States District Court, Eastern District of California.

21 |        The grounds for removal are as follows:

22 |        1.      Plaintiff caused to be served on Defendants County of Kern and Kern County Sheriff

23 | Donny Youngblood through the Clerk of the Board on July 23, 2020, a summons and Complaint

24 | originating in state court, alleging a federal claim of violation of civil rights pursuant to 42 U.S.C.

25 | §§1983 and 1988, and the state torts of negligence and battery. A copy of the state court Complaint

26 | is attached as Exhibit "A" pursuant to 28 U.S.C. §1446(a).

27 |        2.      No other defendants have been served to date.

28 |        3.      The events giving rise to the allegations in the complaint occurred on in the County

of Kern, State of California, allegedly on June 19, 2019.

- 1 -

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441(a)

3.     The events giving rise to the allegations in the complaint occurred on in the County of Kern, State of California, allegedly on June 19, 2019.

4.     The United States District Court, Eastern District of California, has original jurisdiction over the federal civil rights claims alleged by Plaintiff pursuant to 28 U.S.C. §1331 in that they arise "under the Constitution, laws or treaties of the United States." It has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C §1367(a) in that the state claims are related to the federal civil rights claims, having arisen out of the same occurrences and being part of the same case or controversy under Article III of the United States Constitution.

Dated: July 30, 2020                    MARGO A. RAISON, COUNTY COUNSEL

By: _____
                    Robert J. Rice, Deputy
                    Attorneys for Defendants, et al.

#2516526.DOC

DEFENDANTS' COUNTY OF KERN AND KERN COUNTY SHERIFF DONNY YOUNGBLOOD'S NOTICE TO PLAINTIFF OF REMOVAL TO FEDERAL COURT

Case 1:20-at-00547 Document 1 Filed 07/31/20 Page 3 of 34

# Exhibit A

20 JUL 23 PM 3:03

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

FILE KERN CO. CLERK OF
THE BD. OF SUPERVISORS

**NOTICE TO DEFENDANT:** COUNTY OF KERN; KERN COUNTY
**(AVISO AL DEMANDADO):** SHERIFF DONNY YOUNGBLOOD, in his
individual capacity, and DOES 1 to 100, inclusive, in
their individual capacities

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**

**7/21/2020**

Kern County Superior Court

By Candice Rocha, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ZACHARY JOHNSON
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):

**CASE NUMBER:**
(Número del Caso): **BCV-20-101678**

Superior Court of California
1415 Truxtun Ave.
Same as above.
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniel Rodriguez, Esq., SBN 096625
Joseph Whittington, Esq., SBN 295516          661-323-1400      661-323-0132
RODRIGUEZ & ASSOCIATES
Bakersfield, CA 93301

DATE:
(Fecha) **7/21/2020**

TAMARAH HARBER-PICKENS Clerk, by **Candice Rocha**, Deputy
(Secretario)          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): County of Kern

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other (specify): public entity

4. ☑ by personal delivery on (date): 7-22-20

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

Code No. _____

**BY ORDER OF THE BD/SUPV**

Referred To _County Counsel_

_27 pages_

_Hand delivered 1/28/2020_

Copies Furnished _Risk Management_

Filed by BD Supv _7/28/2020_

KATHLEEN KRAUSE

Clerk of the Board of Supervisors

By _Laura Belden_

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Daniel Rodriguez, Esq., SBN 096625
Joseph Whittington, Esq., SBN 295516
RODRIGUEZ & ASSOCIATES
1128 Truxtun Avenue
Bakersfield, CA 93301

TELEPHONE NO.: **661-323-1400**   FAX NO.: **661-323-0132**
ATTORNEY FOR (Name): Plaintiff, Zachary Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Kern
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS: Same as above.
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division - Unlimited Civil

CASE NAME:   Zachary Johnson v. County of Kern, et al.

**ELECTRONICALLY FILED**
7/20/2020 3:56 PM
Kern County Superior Court
By Candice Rocha, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **BCV-20-101678** |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [X] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 5 (Violation of Constitutional Rights; Failure to Intervene Civil Right Violations; Battery; Negligence; and Failure to Provide Medical Care)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 20, 2020

Joseph Whittington
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Legal Solutions
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both in a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice—
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach—Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
     Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Page 2 of 2

ELECTRONICALLY FILED
7/20/2020 3:56 PM
Kern County Superior Court
By Candice Rocha, Deputy

1  DANIEL RODRIGUEZ, ESQ., SBN 096625
   JOSEPH WHITTINGTON, ESQ., SBN 295516
2  RODRIGUEZ & ASSOCIATES
   A PROFESSIONAL LAW CORPORATION
3  2020 EYE STREET
   Bakersfield, CA 93301
4  Tel. No.: (661) 323-1400
   Fax No.: (661) 323-0132
5
   Attorneys for Plaintiff, Zachary Johnson
6
7        SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

8            METROPOLITAN DIVISION – UNLIMITED CIVIL

9  ZACHARY JOHNSON

10                                          Case No.: BCV-20-101678
                  Plaintiff,
11                                          COMPLAINT
                                            DEMAND FOR TRIAL BY JURY
12 vs.

13
   COUNTY OF KERN; KERN COUNTY
14 SHERIFF DONNY YOUNGBLOOD, in his
15 individual capacity, and DOES 1 to 100,
   inclusive, in their individual capacities,
16
17                Defendants.

18

19

20

21

22                        **COMPLAINT**

23

24    1.    Plaintiff ZACHARY JOHNSON allege in this Complaint against Defendants

25 COUNTY OF KERN; KERN COUNTY SHERIFF DONNY YOUNGBLOOD, in his

26 individual capacity; and DOES 1 to 100, Inclusive, in their individual capacities, herein

27 after referred to as "Defendants" as follows:

28

2.      This Complaint is presented by ZACHARY JOHNSON, (hereinafter referred to as "Plaintiff")

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of Plaintiff's Federal Civil Rights claims under 42 U.S.C. § § 1983, 1988 pursuant to 28 U.S.C. §§ 1331, 1343.  The Court has supplemental jurisdiction of Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because: (i) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (ii) Defendants reside within this judicial district.

5.      Plaintiff is required to comply with a claims statute, and has previously satisfied the Claims Filing Statute.  Plaintiff filed a Governmental Tort Claim regarding this incident under Gov. Code § 910 et seq.  which was rejected by the COUNTY OF KERN.

## PARTIES

6.      Plaintiff ZACHARY JOHNSON is a resident of Kern County, California during all times relevant hereto.

7.      At all times mentioned herein, Defendant COUNTY OF KERN is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

8.      At all times relevant hereto, Kern County Sheriff DONNY YOUNGBLOOD and DOES 1-100, inclusive were residents of the County of Kern, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations policies, customs, and usages of defendant COUNTY OF KERN and the COUNTY OF KERN Sheriff's Department, and under the color of the statues, regulations, policies of the State of California.  Said Defendants were acting within their

capacity as employee, agent, representative and servant of the Defendant COUNTY OF KERN.

9.     Kern County Sheriff DONNY YOUNGBLOOD, and DOES 1-100, inclusive as a duly sworn peace officers, were specifically authorized by defendant COUNTY OF KERN and its Sheriff's department to perform the duties and responsibility of sworn Sheriffs officers of the COUNTY OF KERN, and all acts hereinafter complained of were performed by them within the course and scope of their duties as Sheriff's deputies for Defendant COUNTY OF KERN and as an official for defendant COUNTY OF KERN and its Sheriff's department. Kern County Sheriff DONNY YOUNGBLOOD, and DOES 1-100 are also sued herein in their individual capacity and in their official capacity as peace officers of the COUNTY FO KERN and the COUNTY OF KERN Sheriff Department. Defendant COUNTY OF KERN and Kern County Sheriff DONNY YOUNGBLOOD and its Sheriff's department either encouraged, assisted, ratified, and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

10.     Plaintiff is ignorant of the true names and capacities of defendant sued herein as DOES 1 through 10, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege said defendants' true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

11.     Kern County Sheriff DONNY YOUNGBLOOD, and DOES 1-100, inclusive were also duly appointed deputies, sergeants, lieutenants, detectives, or other officers, officials, executives, and/or policy makers of the COUNTY OF KERN Sheriff's Department, a department and subdivision of defendant COUNTY OF KERN, and at all times mentioned herein said defendants were acting in the course and scope of their

employment with defendant COUNTY OF KERN which is liable under the doctrine of respondeat superior pursuant to section 815.2 of the California Government Code.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. The date, place, and other circumstances of the occurrences or transactions that give rise to this Complaint are as follows:

a. The incident that is the basis of this Complaint occurred on or about June 19, 2019 outside Plaintiff's home, located at 3118 Linden Ave, Bakersfield, CA 93305 and while in the custody of Kern County Sheriff's Department in the County of Kern.

b. At all relevant times herein, Defendants DOES 1 through 100, inclusive, were (i) Sheriff's Deputies, agents, and/or employees of the Kern County Sheriff's Department, Defendants DONNY YOUNGBLOOD, and Defendant COUNTY OF KERN; and (ii) acting within the course and scope of said employment and agency, and under color of law.

c. At said time and place, and at all relevant times herein, Plaintiff ZACHARY JOHNSON complied to the best of his (and indeed anyone's) ability with all lawful orders and instructions by Defendants DOES 1 through 100, inclusive, and all other public officers and peace officers

d. At said time and place, Kern County Sheriff's Deputies responded to a check the welfare call at Plaintiff's residence.

e. Defendants DOES 1-100, inclusive, COUNTY OF KERN Sheriff's Deputies, detained Plaintiff and placed him in a patrol vehicle.

f. While in the patrol vehicle, allegedly, droplets of Plaintiff's saliva landed on Sheriff's Deputies' gun holster, and/or shoe.

g. Sheriff's Deputies then arrested Plaintiff for violating California Penal Code 243.9(A) - "gassing" a peace officer, and Health and Safety Code 11550(a) -use/under influence of a controlled substance. Plaintiff was then taken into custody.

h. Plaintiff was then charged with violating California Penal Code Section 243.9(a).

i. While in custody, Defendants DOES 1-100, inclusive placed Plaintiff into or around an elevator and handcuffed Plaintiff. Defendants DOES 1-100, inclusive, then told Plaintiff to move his hands that were cuffed from his back, up over his head.

j. Due to a previous injury to his shoulder, dislocations and rotator cuff surgery, Plaintiff was physically unable to move his hands in the way directed.

k. Plaintiff told Defendants DOES 1-100 inclusive that he wished to comply, but because of a prior injury he was physically unable to move his arms in that way.

l. Defendants DOES 1-100 inclusive then wrongfully, intentionally, recklessly, negligently, and/or with deliberate indifference jumped on Plaintiff, hit, beat, and forcefully rammed a knee into Plaintiffs back, injuring Plaintiff.

m. Thereafter, Defendants, and each of them, intentionally, recklessly, negligently, and/or with deliberate indifference initially failed, refused, and/or delayed providing any medical care or first aid to Plaintiff.

13. At all relevant times herein, there was a special relationship between Plaintiff and Defendants, and each of them.

14. At all relevant times herein and historically, Defendants DONNY YOUNGBLOOD, COUNTY OF KERN, and DOES 1 through 100 inclusive were reckless,

negligent, and deliberately indifferent with respect to the hiring, training, supervision, retention, and discipline of Deputy Sheriffs, employees and agents of the Kern County Sheriff's Department, and respondent COUNTY OF KERN, including but not limited to Defendants DOES 1-100, inclusive.

15.    Beyond that, Defendants Kern County Sheriff, DONNY YOUNGBLOOD, and DOES 1-100, inclusive, created and/or maintained a previously existing culture of recklessness, negligence, and deliberate indifference concerning law enforcement use of force, the deadly use of force, supervision, training, and perhaps most importantly, discipline and accountability.

16.    At said time and place, Defendants, DOES 1-100, inclusive, and, police officers, officers, employees and/or agents of Defendant assaulted, battered, negligently, and/or intentionally inflicted emotional distress on, and used excessive and improper force against Plaintiff without any proper and adequate excuse, cause or justification.

17.    In addition, at said time and place, Defendants Does 1 through 100, inclusive, intentionally, deliberately indifferently, recklessly, and/or negligently failed and refused to:

    a.    prevent the Defendants who improperly assaulted, battered, negligently, and/or intentionally inflicted emotional distress on, used excessive and improper force against Plaintiff from doing so;

    b.    intercede in any way; and/or

    c.    take preventative or corrective action.

18.    At all relevant times herein, Defendant COUNTY OF KERN and its employees, agents, supervisors, managers and/or representatives, Defendants, DONNY YOUNGBLOOD and DOES 1-100, inclusive:

    a. Were negligent and careless with respect to the hiring, training, supervision, discipline, and retention of Defendants DOES 1-100, inclusive;

b. Knew or should have known of the unfitness of Defendants DOES 1-100, inclusive and such unfitness posed a substantial risk of personal injury to Plaintiff or others in the same circumstances;

c. Knew or should have known that Defendants DOES 1-10, inclusive, were persons who could not be trusted to act properly without being supervised, trained and/or disciplined; and

d. Conduct regarding Defendants DOES 1-100, inclusive's hiring, supervision, training, or retention was a substantial factor in causing them to be hired or retained.

19.     As an actual, legal, and proximate result of the intentional, deliberately indifferent, reckless, negligent and other wrongful acts, conduct and omissions of Defendants, and each of them:

a. Plaintiff ZACHARY JOHNSON:

i. Suffered personal injuries and emotional distress, including but not limited to Pneumomedianstinum, emphysema, and broken ribs, difficulty sleeping, difficulty breathing; and

ii. Incurred, and continues to incur, hospital, medical and other expenses for care, treatment, and rehabilitation.

20.     As an actual, legal and proximate result of the intentional, reckless, negligent and otherwise wrongful conduct of Defendants, and each of them, Plaintiff has suffered, and continues to suffer, general and special damages, including but not limited to, emotional distress and trauma.

21.     The individual Defendants, DONNY YOUNGBLOOD, and DOES 1 through 100, inclusive, are statutorily liable pursuant to California Government Code § 820(a).

22.     Defendants COUNTY OF KERN, and their employees, agents, supervisors, managers and/or representatives, DOES 1 to 100, inclusive, were negligent and careless

with respect to hiring, training, supervising and/or disciplining Defendants DOES 1 to 100, inclusive.

23.     As an actual, legal and proximate result of said Defendants' negligence, Plaintiff has suffered the injuries and damages alleged herein.

24.     The entity Defendants, COUNTY OF KERN, have statutory respondeat superior liability for the wrongful conduct of their agents and employees, JAMES MONTGOMERY, and DOES 1 through 100, inclusive, pursuant to California Government Code § 815.2(a).

## FIRST CAUSE OF ACTION

**VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution, California Constitution Article I § 2(a), § 3(a), § 3(b), Cal Civ. Code Sections 51, 51.7, 52, 52.1 and 52.3. [AS TO DOES 1 THROUGH 100]**

25.     Plaintiff repeats and realleges each and every allegation above as though fully set forth herein.

26.     This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendment of the United States Constitution, California Constitution Article I § 2(a) , § 3(a), § 3(b), Cal. Civ. Code Sections 51, 51.7, 52, 52.1 and 52.3

27.     At all relevant times, Plaintiff possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, California Constitution Article I § 2(a), § 3(a), § 3(b) to freedom of speech, and Cal. Civ. Code Sections 51, 51.7, 52, 52.1 and 52.3 to be free from unreasonable seizures and excessive force, right to freedom of speech, and/or to be free from unlawful arrest and/or false imprisonment by Sheriff's deputies acting under the color of law.

28.   DOES 1-100, inclusive without just and legal cause, jumped on, hit, kicked, punched, thereby striking him and resulting in severe injuries to him causing him permanent injury, severe physical pain, severe psychological trauma, lost wages, loss of earning capacity, medical expense, and substantial economic damages and thereby violated his rights under the laws and Constitution of the United States, in particular rh Fourth Amendment of the United States Constitution.

29.   At the time of the assault and injury, Plaintiff was not engaged in any assaultive behavior toward defendant or any other person or persons.

30.   The assault and injuries was entirely unjustified by any actions of plaintiff and constituted an unreasonable and excessive use of force.

31.   DOES 1-100 acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution

    a. Freedom from unreasonable seizure, in the form of the use of excessive force by Sheriff's deputies;

    b. Freedom from a deprivation of liberty without due process of law; and

    c. Freedom from summary punishment.

32.   Defendants subjected Plaintiff to the aforementioned deprivation by either actual malice, deliberate indifference or a reckless disregard of his rights.

33.   Defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of the Kern County Sheriff's department would allow a cover-up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

34.   As a direct and proximate result of the aforementioned acts of Defendants DOES 1 through 100, plaintiff suffered injuries which caused him serious and permanent injuries to his body, and have physically, psychologically, and emotionally impaired him permanently. As a result of the herein described conduct of Defendants DOES 1 through 100, plaintiff also was caused to suffer loss of wages and a loss of working capacity

35.   The aforementioned acts of DOES 1 through 100 was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## SECOND CAUSE OF ACTION

## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS [AS TO DOES 1 THROUGH 100, INCLUSIVE]

36.   Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

37.   On or about June 9, 2019, Defendants DOES 1 through 100, inclusive, were present at the immediate scene of the injury of Plaintiff.

38.   At said date and location, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted beating of Plaintiff.

39.   At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the beating of Plaintiff and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

40.   At said date and location, in deliberate indifference to Plaintiff, said defendants intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained from intervening in said beating.

41.   As a result thereof, Plaintiff was unjustifiably beat and severely injured by deputies of the COUNTY OF KERN Sherriff's Department in violation of his rights under the Fourth and Amendments of the Constitution of the United States of America.

42.   The aforementioned acts of defendants DOES 1 through 10 were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

## BATTERY [AS TO DOES 1 THROUGH 100 INCLUSIVE]

43. Plaintiff repeats and realleges each and every allegation above as though fully set forth herein.

44. At that time and place herein above alleged, DOES 1 through 100, without just and legal cause, beat, kicked, punched, hit, and made contact with Plaintiff and thereby causing severe and permanent physical and psychological injuries.

45. Said harmful and offensive contact was intentionally committed by said defendant and was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

46. Said battery was not consented to by the present plaintiffs and was the proximate cause of the injuries complained of herein.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE [AS TO ALL DEFENDANTS]

47. Plaintiff hereby repeats, realleges and incorporates, as though fully set forth herein, each allegation of the paragraphs listed above.

48. Plaintiff is informed and believes and thereon allege that on June 9, 2019, defendants DOES 1 through 100 did negligently, violently and without due care, and without cause or provocation beat plaintiff, and or negligently failed to intervene to prevent their co-defendants from beating plaintiff.

49. The beating occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to plaintiff.

50. Plaintiff was free of any negligence in the events leading up to the beating.

51. Defendants DOES 1 through 100 having knowingly created a life-threatening injury upon plaintiff and knowing that medical aid would not be provided without their consent, negligently, carelessly, and knowingly failed to summon medical aid or any type

of assistance to render aid to plaintiff after inflicting the unprovoked and negligent injury upon him, and said conduct was the proximately caused the exacerbation of plaintiff physical and psychological injuries.

52. Defendants COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD are directly liable and responsible for the acts of said defendants because defendant COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD failed to adequately supervise, discipline or in any other way control defendants DOES 1 through 100 in the exercise of their unlawful use of excessive force.

53. Defendant COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD are directly liable and responsible for the acts of defendants DOES 1 through 100 because said defendant COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD repeatedly and knowingly and negligently failed to enforce the laws of the State of California and the regulations of said defendant COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD and its Sheriff's Department thereby creating within the said Sheriff's department an atmosphere of lawlessness in which Kern County Sheriff's deputies employ excessive and illegal force and violence including deadly force, in the belief that such acts will be condoned and justified by their supervisors, and said defendants COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD therefore was or should have been aware of such unlawful acts and practices prior to and at the time of the beating of the plaintiff.

54. As a proximate result of the acts and omissions of all these defendants, and each of them, and of the physical injury caused plaintiff, plaintiff has suffered extreme and severe physical injury, mental anguish and pain and has been injured in mind and body all to plaintiff's general damage according to proof. Plaintiff has suffered severely debilitating injuries which have restricted and limited his ability to care for himself and earn wages.

55. Defendants COUNTY OF KERN and KERN COUNTY SHERIFF DONNY YOUNGBLOOD also were negligent in failing to provide defendants DOES 1 through 100, the proper and special training necessary for the duties they could foreseeably be

1    expected to perform in the course of his employment in that defendants DOES 1 through
2    100 received inadequate training in the proper use of Sheriffs tactics. As a direct and
3    proximate result of this failure to provide adequate tactics training to defendants DOES 1
4    through 100 the beating of plaintiff occurred, causing said plaintiff the losses and injuries
5    herein complained of.

6        56.   The COUNTY OF KERN and KERN COUNTY SHERIFF DONNY
7    YOUNGBLOOD and also negligently hired and retained DOES 1 through 100 and those
8    Sheriff's investigators who participated in the investigation of said shooting, when it was
9    known or should have been known by the COUNTY OF KERN and KERN COUNTY
10   SHERIFF DONNY YOUNGBLOOD that these deputies had on prior occasions used
11   excessive force and/or had participated in the concealment and cover-up of Sheriffs
12   misconduct.

13       57.   In addition, in performing and engaging in the intentional, reckless, negligent
14   and other wrongful conduct alleged herein, Defendants, and each of them, failed to perform
15   one or more mandatory duties, within the meaning of California Government Code § 815.6,
16   including **but not limited to**:

17           (a)   the mandatory duty under the Fourth Amendment to the Constitution of
18                the United States, not to violate Plaintiff's right to be secure in his
19                person, and to be free from the use of excessive force;

20           (b)   the mandatory duty under Article 1, Section 13 of the California
21                Constitution, not to violate Plaintiff's right to be secure in his person
22                and to be free from the excessive use of force; and

23           (c)   the mandatory duty under California Civil Code § 43, not to violate
24                Plaintiff's statutory right of protection from bodily restraint and harm
25                (*Jones v. Kmart Corp.*, supra, 17 Cal.4th at p.338.)

26       58.   As an actual, legal and proximate result of the intentional, reckless, negligent
27   and otherwise wrongful conduct of Defendants, and each of them, Plaintiff is entitled to
28   recover against Defendants: (a) general and special damages, including but not limited to

1  damages for, emotional distress, pain, and trauma; and (b) all statutory damages and
2  remedies under California Government Code § 11135, , California Civil Code § 51 et seq.,
3  and the, California Civil Code § 52.1 et seq.

4    59.    To Plaintiff's current knowledge, the public employees responsible for
5  Plaintiff's injuries include, but are not limited to, DOES 1-100, inclusive.  The names and
6  identities of all other public employees responsible for Plaintiff's injuries are unknown to
7  Plaintiff at this time.

8

9                    **FIFTH CAUSE OF ACTION**

10    **Deliberately Indifferent Failure to Provide Medical Care in Violation of the**
11  **Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. §§**
12  **1983, 1988, against and DOES 1 to 100, inclusive, in their individual capacities only.**

13    60.    Plaintiff realleges and incorporates by reference all allegations in the
14  Complaint as if fully set forth herein.

15    61.    As alleged above, on or about June 19, 2019, Defendants, DOES 1 to 100,
16  inclusive, approached Plaintiff while Plaintiff was on his property, then stopped, seized
17  and/or arrested Plaintiff and took Plaintiff into custody.

18    62. .   After DOES 1 to 100, inclusive, stopped Plaintiff, Plaintiff was in the custody
19  and under the control of said Defendants, and as a result there was a special relationship
20  between Plaintiff and said Defendants such that said Defendants were responsible for the
21  care, health, and safety of Plaintiff.

22    63.    Thereafter, DOES 1 to 100, inclusive: (i) knew that Plaintiff was is in need of
23  immediate medical care; and (ii) intentionally, deliberately, or were deliberately indifferent
24  in that they failed to provide or summon such medical care.

25    64.    As an actual, legal, and proximate result of the wrongful conduct of
26  Defendants, and each of them, Plaintiff suffered and incurred exacerbation and/or the
27  failure to timely, reasonably, and adequately treat: Pneumomedianstinum, emphysema,
28  broken ribs, difficulty sleeping, difficulty breathing; and cased to suffer physical, mental,

and emotion injuries, medical expenses, lost earnings, pain, suffering, and emotional distress.

## ATTORNEYS' FEES AND COSTS

65. Pursuant to the provisions of 42 U.S.C. § 1988 and California Civil Code § 52.1(h), Plaintiff is entitled to and demands an award for reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF for each and every cause of action above, demands the following relief, jointly and severally, against all the defendants:

1. Demand for a Jury Trial;

2. Compensatory general and special damages in an amount in accordance with proof;

3. Exemplary damages, against defendants DOES 1 through 100, for the intentional acts described above or for those done recklessly or with deliberate indifference, in an amount sufficient to deter and to make an example of those defendants;

4. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988;

5. Costs of suit necessarily incurred herein;

6. Prejudgment interest according to proof; and

7. Such further relief as the Court deems just or proper.

DATED: July 20, 2020

RODRIGUEZ & ASSOCIATES

By: _____

JOSEPH WHITTINGTON
Attorneys for Plaintiff

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1415 TRUXTUN AVENUE**
**BAKERSFIELD CA 93301**

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

JULY 21, 2020
BY *Candice Rocha* DEPUTY

PLAINTIFF/PETITIONER:
ZACHARY JOHNSON
DEFENDANT/RESPONDENT:
COUNTY OF KERN
KERN COUNTY SHERIFF DONNY YOUNGBLOOD

NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND
NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
BCV-20-101678

By order of the presiding judge, the above entitled case is assigned to the Honorable David R. Lampe for all purposes. It will be managed on the direct calendar program in Bakersfield Department 11 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials DRL after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on November 03, 2020 in Bakersfield Department 11 at 8:30 AM in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable David R. Lampe on January 19, 2021 at 8:30 in Bakersfield Department 11 of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form (California Rules of Court, Rule 3.221).

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

Date: July 21, 2020

By: _____*Candice Rocha*_____
Candice Rocha, Deputy Clerk

JOHNSON VS COUNTY OF KERN ET AL
BCV-20-101678

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable David R. Lampe as monitoring judge.

Judge David R. Lampe has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 11. This will involve all cases in which the clerk has assigned the initials DRL to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at (661) 868-5303. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge David R. Lampe. However, those cases that do not settle will be set for trial before him/her.

JOHNSON VS COUNTY OF KERN ET AL
BCV-20-101678

## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF KERN
### SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

JOHNSON VS COUNTY OF KERN ET AL
BCV-20-101678

### CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference* attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof, to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://odyprodportal.kern.courts.ca.gov/portalprod).

Date of Posting:       July 21, 2020

Place of Posting:      Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  July 21, 2020

TAMARAH HARBER-PICKENS
CLERK OF THE SUPERIOR COURT

By:       _Candice Rocha_
Candice Rocha, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:        FAX NO *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)* : | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

**PLAINTIFF:**

**DEFENDANT:**

| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER: |
|---|---|

1. Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

   a. ☐ Private Mediation.

   b. ☐ Neutral Evaluation.

   c. ☐ Binding Arbitration.

   d. ☐ Referee/Special Master.

   e. ☐ Settlement Conference with Private Neutral.

   f. ☐ Non-binding Judicial Arbitration pursuant to CCP§1141.10 et seq., and applicable Rules of Court.

   g. ☐ Discovery will remain open until 30 days before trial.

   h. ☐ Other:

2. It is also stipulated that

   a. _____ (name of individual neutral, not organization)
      has consented to and will serve as

   b. _____ (neutral function/process) and that the session will take place on

   c. _____ (enter a FIRM date) and that all persons necessary to effect a settlement
      and having full authority to resolve the dispute will appear at such session.

Case 1:20-at-00547 Document 1 Filed 07/31/20 Page 28 of 34

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

3. **Date:**

    a. **On behalf of Plaintiff/s**

_____      _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____      _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

         ☐ Continued on *Attachment 3a* (form MC-025).

    b. **On behalf of Defendant/s**

_____      _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____      _____
(TYPE OR PRINT NAME)                   (SIGNATURE OF DEFENDANT OR ATTORNEY)

         ☐ Continued on *Attachment 3a* (form MC-025).

4. **ORDER:**

    a. ☐ The ADR process is to be completed by

    b. ☐ The Case Management Conference currently set for           , at

                                       ☐ a.m. ☐ p.m. in Department          :

            i. ☐ Remains on calendar.

            ii. ☐ Is hereby vacated.

    c. ☐ Mediation Status Review.

    d. ☐ Case Status Review re:

    e. ☐ Final Case Management Conference is set for          , at          ☐ a.m.
         ☐ p.m. in Department

    f. ☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of arbitrator.

**IT SO ORDERED.**

Date:                  _____

                          **JUDICIAL OFFICER**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

### Possible Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages: Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages: May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

### Most Common Types of ADR

Mediation: A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences: A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation: The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

**Arbitration:** The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

**Local Court ADR Programs**
The Superior Court, County of Kern offers two types of ADR: Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:** The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less. The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at www.kern.courts.ca.gov/local-rules_of_court.

**Dispute Resolution Program Act (DRPA):** The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters. The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services. For more information about BBB Mediation Services go to http://go.bbb.org/ccle-mediation.

**ADR Coordinator:**
Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7. If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5695.

**Resources:**
California Department of Consumer Affairs: www.dca.ca.gov/consumer/mediation_guides
Judicial Branch California Courts – ADR: www.courts.ca.gov/selfhelp-adr.htm
ADR Stipulation Form: www.kern.courts.ca.gov/documents/stipulation_and_order_form

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ZACHARY JOHNSON

**DEFENDANTS**
COUNTY OF KERN; KERN COUNTY SHERIFF, DONNY YOUNGBLOOD, in his capacity, and DOES 1 to 100 inclusive, in their individual capacities

**(b)** County of Residence of First Listed Plaintiff ___KERN___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___KERN___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RODRIGUEZ & ASSOCIATES
By: Joseph Whittington (SBN 295516)
2020 Eye Street
Bakersfield, CA 93301     (661) 323-1400

Attorneys *(If Known)*
MARGO A. RAISON, COUNTY COUNSEL
By: Robert J. Rice, Deputy ( SBN 131255)
1115 Truxtun Avenue, 4th Floor
Bakersfield, CA 93301     (661) 868-3800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government<br>Plaintiff | ☒ 3 Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government<br>Defendant | ☐ 4 Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management.<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | ☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original<br>Proceeding   ☒ 2 Removed from<br>State Court   ☐ 3 Remanded from<br>Appellate Court   ☐ 4 Reinstated or<br>Reopened   ☐ 5 Transferred from<br>Another District<br>*(specify)*   ☐ 6 Multidistrict<br>Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendment of the U.S. Constitution
Brief description of cause: Civil Rights violations, excessive force, negligence, battery

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE
July **30** , 2020

SIGNATURE OF ATTORNEY OF RECORD
*Robert Rice*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.


American LegalNet, Inc.
www.FormsWorkFlow.com

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within action; my business address is 1115 Truxtun Avenue, Fourth Floor, Bakersfield, CA 93301.

On the date last written below, I served the attached **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(a) and CIVIL COVER SHEET** on the party(ies) listed below, through their attorneys of record, if any, by facsimile transmission, by personal delivery or by placing true copies/originals thereof in sealed envelope(s) addressed/designated as shown below:

**A.** **BY MAIL** - I enclosed such document in sealed envelope(s) with the name(s) and address(es) of the person(s) served as shown on the envelope(s) and caused such envelope(s) to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**B.** **BY OVERNIGHT SERVICE** - I caused each such envelope to be delivered by overnight service to the addressee(s) noted below.

**C.** **BY FACSIMILE SERVICE** - I placed such document in a facsimile machine (pursuant to California Rules of Court, Rule 2.301(3)) with the fax number of (661) 868-3805. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

**D.** **BY PERSONAL SERVICE** - I caused such envelope(s) to be delivered by hand to the addressee(s) listed below.

**E.** **BY ELECTRONIC MAIL** – Pursuant to CRC, Rule 2.251(c), Local Rules of Court, Rule 1.10 and CCP 1010.6, I caused a copy of such document to be transmitted via electronic mail in Portable Document Format ("PDF") Adobe Acrobat from the electronic address: jsnow@kerncounty.com.

| Type of Service | Addressee |
|---|---|
| A | SEE ATTACHED |

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **July 31, 2020**, at Bakersfield, California.

Jerilyn Snow

ZACHARY JOHNSON v. COUNTY OF KERN, ET AL. – Proof of Service

## SERVICE LIST/MAILING LIST

| ADDRESSEE | TYPE OF SERVICE |
|---|---|
| DANIEL RODRIGUEZ<br>JOSEPH WHITTINGTON, ESQ.<br>RODRIGUEZ & ASSOCIATEAS<br>1128 Truxtun Avenue<br>BAKERSFIELD, CA 93301<br><br>*As to Plaintiff* | A<br>Fax No. (661) 323-0132<br>Email: |

#2515394