1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   ZACHARY JOHNSON,                             )   Case No.: 1:20-cv-01062-JLT-BAK (EPG)
                                                  )
12              Plaintiff,                         )   FINDINGS AND RECOMMENDATIONS TO
                                                  )   DENY MOTION TO AMEND COMPLAINT AND
13        v.                                       )   TO DISMISS DOE DEFENDANTS WITHOUT
                                                  )   PREJUDICE
14   COUNTY OF KERN, et al.,                       )
                                                  )
15              Defendants.                        )   (ECF No. 27)
                                                  )
16                                                )   THIRTY-DAY OBJECTION DEADLINE

17          On March 24, 2022, Plaintiff filed an amended motion seeking to modify the scheduling order

18   and amend the complaint to substitute the identities of the six deputies as defendants who allegedly

19   battered Plaintiff for the previously unidentified Doe Defendants. (ECF No. 27.) Defendants filed their

20   opposition on April 6, 2022. (ECF No. 31.) On April 22, 2022, Plaintiff filed a reply. (ECF No. 34.)

21   The amended motion was referred to the assigned magistrate judge for appropriate action. (ECF No.

22   28.) The Court held a hearing on the motion on May 27, 2022. (ECF No. 35.) For the following

23   reasons, the Court recommends that Plaintiff's motion be denied and the Doe Defendants be dismissed

24   without prejudice.

25          **I.       BACKGROUND**

26          This case involves injuries Plaintiff Zach Johnson alleges to have received while in custody

27   and under the control of Kern County Sheriff's Deputies. (*See* ECF No. 1, Complaint.) On June 19,

28   2019, Kern County Sheriff's Deputies arrested Plaintiff for violating California Penal Code Section

1    243.9 and California Health and Safety Code Section 11550(a) (*See* ECF No. 1, Complaint ¶ 12(g);

2    ECF No. 5, Answer ¶ 1.). While in custody he was placed in a holding cell, and Plaintiff alleges he

3    was injured as he was moved and released into a sobering cell by six deputies. (ECF No. 1, Complaint

4    ¶¶ (i)-(m); ECF No. 27 at 3; ECF No. 31 at 2.)

5         Plaintiff filed the instant action in Kern County Superior Court on July 20, 2020, against the

6    County of Kern, Kern County Sheriff Donny Youngblood and DOES 1-100. (ECF No. 1.) Defendants

7    timely removed the action to this Court (*id*.), and Defendants filed their answer on August 12, 2020.

8    (ECF No. 5.)

9         The Court scheduled this case on October 23, 2020 (ECF No. 8), using the information

10   provided by the parties in their joint scheduling report. (ECF No. 6.) The Court set the deadline to

11   amend pleadings for January 15, 2021. (ECF No. 8.) The Court has set the pre-trial conference date for

12   August 22, 2022.  (*Id*.)

13        The parties timely exchanged their Rule 26(a) initial disclosures on January 15, 2021. (ECF

14   No. 31 at 3.) Following the Court's entry of the stipulated protective order on January 19, 2021,

15   Plaintiff's counsel emailed Defendants' counsel on February 2, 2021, regarding the status of the

16   production of documents listed in the initial disclosures. (ECF No. 31 at 3; ECF No. 31-1, Willard

17   Decl., Exh. 3.) Two days later, on February 4, 2021, Defendants responded by providing Plaintiff's

18   counsel with a link to a OneDrive folder containing the surveillance footage referred to in Defendants'

19   initial disclosures. (ECF No. 31 at 3; Willard Decl., Exh. 2.) Defendants report that the OneDrive

20   folder contained the "21 C-Deck Sobering Cell" video depicting the alleged battery of Plaintiff and the

21   deputies involved. (ECF No. 31 at 3; Willard Decl., Exh. 3.)

22        The parties filed their mid-discovery status conference statements on February 10 and 11,

23   2021. (ECF No. 12, 14.) Plaintiff's mid-discovery statement provided that he was in the process of

24   identifying sheriff's deputies involved in the handling of Plaintiff while he was in custody, and also

25   identified that there appeared to be approximately a 4-hour block of time that was missing from the

26   video footage produced by Defendants in initial disclosures. (ECF No. 12 at 2.) Regarding timely

27   completion of discovery, Plaintiff's mid-discovery statement provided, "Plaintiff does not anticipate

28   that there will be any impediments to completing discovery within the deadlines set forth in the

1  Court's scheduling order." (*Id.*) Defendants' mid-discovery statement noted, "The cut off for the

2  Amendment of Pleadings was January 15, 2021. To date, no amendments have been filed. The County

3  of Kern and Sheriff Donny Youngblood are the only party Defendants to the pending action." (ECF

4  No. 14 at 2.)

5  　　　On April 1, 2021, Plaintiff served his first formal discovery, requests for production, set one

6  (ECF No. 16-2), to which Defendants timely served responses on April 20, 2021. (ECF No. 16-3.) On

7  April 27, 2021, Plaintiff's counsel sent an email to Defense counsel memorializing a discovery meet

8  and confer from the same day, noting among other things, the missing gap in the surveillance video

9  (from June 19, 2019, 23:27:19 to June 20, 2019, 4:38) and following up on the "red book" that would

10  identify all deputies and personnel who interacted with Plaintiff while he was in custody. (ECF No.

11  16-6 at 3-5.) On May 7, 2021, Defendants served supplemental responses to set one of the requests for

12  production, including the requested "red book" (ECF No. 16-5), and regarding the gap in surveillance

13  video, Defendants' stated that "Defendant has made a diligent search and reasonable inquiry. All video

14  footage in Defendant's possession responsive to this request is attached hereto and marked as Exhibit

15  4." (*Id.* at 8.) On May 10, 2021, Plaintiff's counsel sent an email to Defense counsel stating that some

16  deficiencies remained in Defendants' document production and requesting deposition dates for

17  "Vincent Fricano, ID 1461, Jeffrey Fisher, ID A1493, [and] Sergeant Rutledge." (ECF No. 16-6 at 2.)

18  　　　On May 17, 2021, Defendants served responses to Plaintiff's interrogatories, set one. (ECF No.

19  31-4, Jones Decl., Exh. 1.) The same day, Plaintiff's counsel sent an email to Defense counsel

20  requesting a further response to Plaintiff's interrogatory number two, which included a still from the

21  video disclosed by Defendants in their initial disclosures and requested identification of the deputies

22  who appeared in the photo. (ECF No. 31-2, Rice Decl., Exh. 1.) Defense counsel responded the next

23  day, stating that, "We have been informed that the photograph may include the following individuals,"

24  and describing their positioning in the photo, listed these individuals: Sergeant Rutledge, Senior

25  Deputy Wright, Senior Deputy Wright, Deputy Jeffrey Fisher, Deputy Vincent Fricano, and "possibly"

26  Deputy Joseph Garcia. (Rice Decl., Exh. 2 at 2.) Plaintiff's counsel responded regarding dates for

27  depositions for these individuals. (*Id.* at 1.)

28

3

1       The same day, May 18, 2021, Plaintiff filed a motion to compel responses to RFP numbers 35,

2   36, and 41. (ECF No. 16.) The Court granted in part and denied in part the motion (ECF No. 19), and

3   Defendants report they timely complied. (ECF No. 31 at 8.)

4       Defendants report they made available all of the fact witnesses sought by Plaintiff, in an

5   attempt to complete all depositions by June 21, 2021, totaling twelve videotaped fact-witness

6   depositions in June, including five of the deputies Plaintiff now seeks to add as defendants, and two

7   Rule 30(b)(6) individuals who testified about the gap in video of the C Deck Sobering Cell and

8   recordings of phone calls allegedly made by Plaintiff to family from the jail. (ECF No. 31 at 8.) The

9   only fact-witness deposition taken by Defendants was of Plaintiff. (*Id*.)

10      Because the parties could not meet the July 20, 2021 expert disclosure deadline, the parties

11  filed a stipulation to modify the scheduling order to extend the expert disclosure deadline to

12  September 19, 2021, and the expert discovery deadline from October 12, 2021 to December 12, 2021

13  (ECF No. 20), and the Court granted the stipulation the same day. (ECF No. 21.) The parties

14  completed expert discovery by the modified deadline. (ECF No. 31 at 8.)

15      On March 24, 2022, Plaintiff filed the instant motion, seeking to modify the scheduling order

16  and amend the complaint to add names of the six deputies as defendants who allegedly battered

17  Plaintiff. (ECF No. 27.) Defendants filed their opposition on April 6, 2022. (ECF No. 31.) On April

18  22, 2022, Plaintiff filed a reply. (ECF No. 34.) The amended motion to amend the complaint was

19  referred to the assigned magistrate judge for appropriate action. (ECF No. 28.)

20      The deadlines for discovery and filing of dispositive motions have now passed.  The only

21  scheduled date remaining in the case is the pretrial conference set for August 22, 2022.[1]

22  **II.     LEGAL STANDARDS**

23  "[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which

24  establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first

25  by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.,* 187 F.R.D. 605, 607

26  (E.D. Cal. June 16, 1999); *see also Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294–95 (9th Cir.

27

28
_____

[1] A trial date has not yet been set, and will be set at the pretrial conference.

4

1    2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it

2    had issued a pretrial scheduling order that established a timetable for amending the pleadings and the

3    motion was filed after the deadline had expired).

4         Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only

5    for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing

6    of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Sprague*

7    *v. Fin. Credit Network, Inc*., 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause]

8    requires the party to show that despite due diligence the scheduled deadline could not be met.")). For

9    example, good cause may be found where the moving party shows that it was diligent in assisting the

10   Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's

11   deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it

12   was diligent in seeking a modification once it became apparent it could not comply with the

13   scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking

14   to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe,* 2015 WL

15   6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087

16   (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609).

17        Rule 15(a), in turn, permits a party to amend a pleading once as a matter of course within 21

18   days of service, or if the pleading is one to which a response is required, 21 days after service of a

19   motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the

20   opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Granting or denying

21   leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*,

22   87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires."

23   Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

24        [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or
          dilatory motive on the part of the movant, repeated failure to cure deficiencies by
25        amendments previously allowed, undue prejudice to the opposing party by virtue of
          allowance of the amendment, futility of amendment, etc. —the leave sought should, as
26        the rules require, be "freely given."

27

28

1   *Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the

2   merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649

3   F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings

4   should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

5   To evaluate a motion to amend under Rule 15, the Court considers the following factors: (1)

6   undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v.*

7   *Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal

8   weight as prejudice to the opposing party has long been held to be the most critical factor in

9   determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

10  1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the

11  opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th

12  Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a

13  strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of

14  granting leave to amend. *Eminence Capital,* 316 F.3d at 1052. While delay alone cannot justify

15  denying leave to amend, it is sufficient grounds to deny leave to amend where other factors, such as

16  dilatory motive, bad faith, prejudice, or futility, also weigh against amendment. *Hurn v. Ret. Fund Tr.*

17  *of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981).

18  **III.    DISCUSSION**

19  **A.    Rule 16**

20  Plaintiff contends that good cause exists because Plaintiff did not discover the names of the

21  individuals until well after the pleading amendment deadline. (ECF No. 27 at 7.) Plaintiff concedes

22  that this amendment could have been brought sooner if it were not for Plaintiff's oversight. (*Id.*)

23  Plaintiff has not demonstrated that his noncompliance with the Rule 16 deadline to seek

24  amendment to the complaint occurred notwithstanding his diligent efforts to comply, because of the

25  development of matters which could not have been reasonably foreseen or anticipated at the time of

26  the Rule 16 scheduling conference.

27  Defendants argue that Plaintiff's counsel failed to exercise diligence to identify the deputies or

28  to seek an extension of the amended pleadings deadline. (ECF No. 31 at 10-11.) Defendants allege that

1   Plaintiff's counsel could have begun discovery earlier. (*Id*. at 10-11.) Defendants assert that at any

2   time after the parties' Rule 26(f) conference on October 16, 2020, Plaintiff could have propounded

3   interrogatories, which could have been tailored to identify the deputies without reference to the

4   surveillance video. (ECF No. 31 at 10.) Additionally, Plaintiff's counsel did not begin formal

5   discovery until April 1, 2021, which was eight months after being served with the notice of removal,

6   five months after entry of the scheduling order, and two-and-a-half months after the deadline to amend

7   pleadings. (*Id*.) As Defendants allege, had Plaintiff served early requests for production, counsel

8   would have had the video of the incident at issue months prior to the deadline to amend pleadings.

9   (ECF No. 31 at 10.) Plaintiff's counsel's lack of diligence in conducting discovery in this case is

10  further demonstrated by the rush to complete fact witness depositions by the June 21, 2021 deadline.

11  (*See* ECF No. 8.) Plaintiff had to complete twelve videotaped fact witness depositions in June alone to

12  meet the deadline, including five of the deputies Plaintiff now seeks to add as defendants. (ECF No. 31

13  at 8.) The Court finds that Plaintiff's counsel was not diligent in identifying the deputies involved in

14  the incident.

15      Additionally, Plaintiff should have recognized in advance of the pleading amendments

16  deadline that he would not be able to identify the deputies by that date. In the parties' joint scheduling

17  report filed on October 16, 2020, Plaintiff noted that "Plaintiff intends to name the Doe Defendants

18  alleged within the Complaint to include the Deputies involved in the alleged incident with Plaintiff on

19  June 19, 2019." (ECF No. 6 at 2.) The parties' proposed cut-off date for filing the amended pleadings

20  was January 15, 2021 (the same date they proposed for exchange of initial disclosures) (*id*.), and using

21  the information provided by the parties, the Court set January 15, 2021 as the deadline for exchange of

22  initial disclosures and to amend pleadings. (ECF No. 8.) Plaintiff was aware at the time of filing the

23  complaint and naming the Doe Defendants and at the time of submitting the joint scheduling report

24  that discovery needed to be conducted to identify the deputies.

25      Additionally, Plaintiff did not seek an extension of this deadline in its request to modify the

26  schedule at the close of non-expert discovery.  On July 12, 2021, the Court granted the parties'

27  stipulation to modify the scheduling order, but the parties only modified the deadlines for disclosure of

28

7

1  expert witnesses and expert discovery, and Plaintiff did not address the issue of the pleading

2  amendment deadline then. (*See* ECF Nos. 20, 21.)

3      Moreover, despite learning of the identities of the deputies that appeared in the surveillance

4  video on May 18, 2021 (ECF No. 31-2, Rice Decl., Exh. 2), Plaintiff's counsel waited until March 24,

5  2022 (ten months after learning the identities of the deputies) to file the instant motion to amend.

6  *Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F.App'x 715, 719 (9th Cir. 2002) (delay of one month after

7  learning of facts from a witness' deposition did not constitute diligence under Rule 16 in seeking leave

8  to amend); *Sako v. Wells Fargo Bank, Nat. Assoc.*, 2015 WL 5022326, at *2 (S.D. Cal. 2015) ("Courts

9  have held that waiting two months after discovering new facts to bring a motion to amend does not

10  constitute diligence under Rule 16"). Plaintiff admits that it was through oversight and mistake that

11  these individuals were not substituted in as Doe Defendants until this time. (ECF No. 27 at 5, 7;

12  Whittington Decl. ¶ 7.)

13      Because the Plaintiff has failed to show that he acted with diligence to seek the amendment and

14  to discover this case, the Plaintiff has failed to show good cause to modify the scheduling order under

15  Rule 16.

16      **B.      Rule 15**

17      Even had the Plaintiff met the Rule 16 factors, the Court does not find that amendment of the

18  complaint should be allowed under Rule 15. As described above, Plaintiff has delayed in moving for

19  leave to amend. Plaintiff admits that it was oversight that resulted in Plaintiff failing to file this motion

20  sooner. (ECF No. 27 at 7; Whittington Decl. ¶¶ 7-8.) Moreover, fact and expert discovery in this case

21  have been completed (*see* ECF No. 31 at 8), and the deadlines for filing non-dispositive and

22  dispositive motions have also passed. (*See* ECF No. 8.) Amendment of the complaint would cause

23  undue delay because the new defendants would need to be served, to respond to the complaint, to

24  complete discovery, and to have an opportunity to file dispositive motions. Thus, amendment of the

25  complaint at this stage would cause undue delay.

26      Plaintiff contends that no adverse party will be prejudiced by the amended pleading because

27  substituting the names of the Doe Defendants does not change the nature of the litigation. (ECF No. 27

28  at 8.) However, Defendants assert that Plaintiff's counsel erroneously assumes that those deputies

1    would not have a right to do their own discovery and file their own motions, including motions for

2    summary judgment. (ECF No. 31 at 12.) Defendants also allege that the video shows that not all six

3    deputies were involved to the same degree in physically handling Plaintiff. (*Id*.) Defendants further

4    allege that under the County's protocols, a conflict of interest assessment would have to be done for

5    each deputy, potentially requiring retention of outside counsel for each new defendant. (*Id*; Rice Decl.

6    ¶ 6.) Thus, as the parties opposing leave to amend, Defendants have met their burden of demonstrating

7    prejudice. *See Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD*

8    *Programs, Ltd.*, 833 F.2d at 187).

9         Given these considerations, the Court finds that the Plaintiff has failed to demonstrate that the

10   amendment should be permitted under Rule 15.

11        **IV.    FINDINGS AND RECOMMENDATIONS**

12        The Court appreciates the issues involved with the deputies proposed to be added overlap

13   substantially, if not altogether, with the instant case with the County and acknowledges that it would

14   be more efficient to try all the proposed defendants together. However, given the delay that would take

15   place with substituting the new defendants at this stage in the case, and considering that this case is set

16   for pretrial conference on August 22, 2022, the Court finds amendment would be prejudicial to the

17   current defendants. Under the rules set forth above, the Court cannot find good cause exists to amend

18   the complaint at this time.

19        For the foregoing reasons, it is HEREBY RECOMMENDED that:

20        1.   Plaintiff's amended motion for leave to amend (ECF No. 27) be DENIED; and

21        2.   Defendant DOES 1-100 be DISMISSED without prejudice.[2]

22        These findings and recommendations will be submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after

24   being served with these findings and recommendations, the parties may file written objections with the

25

26   [2] *See Smith v. City of Santa Barbara*, No. CV 19-4366 VAP (SS), 2019 WL 7039626, at *2 (C.D. Cal. Nov. 26, 2019), *report and recommendation adopted*, No. CV 19-4366 VAP (SS), 2019 WL 7037772

27   (C.D. Cal. Dec. 18, 2019) (dismissing action against DOE Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline); *Tabi v. Doe No. 1*, 2019 WL 4013444 (C.D. Cal. Aug. 26,

28   2019) (same); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (affirming dismissal of action against DOE Defendants for failure to effect timely service under Rule 4(m)).

1    Court. The document should be captioned "Objections to Magistrate Judge's Findings and

2    Recommendations."

3         The parties are advised that failure to file objections within the specified time may result in the

4    waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter*

5    *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6

7    IT IS SO ORDERED.

8
        Dated:    **June 1, 2022**                      /s/ *Erica P. Grosjean*
9                                               UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10