1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| ZACHARY JOHNSON, | Case No.  1:20-cv-01062-JLT-EPG |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND CALLING FOR FURTHER SUBMISSION AS TO DISMISSAL WITH PREJUDICE TO AMEND** |
| v. | |
| COUNTY OF KERN, et al., | |
| Defendants. | (Docs. 27, 37) |

        Zachary Johnson is proceeding through counsel in this action against the County of Kern and Donny Youngblood.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        Plaintiff filed a motion seeking to modify the scheduling order and amend the complaint to name six deputies as defendants who had previously been named only as Does.  (Doc. 27.) The assigned magistrate judge entered findings and recommendations, recommending that Plaintiff's motion to amend the complaint be denied and that the Doe Defendants be dismissed *without* prejudice.  (Doc. 37.)  Defendants filed objections to the findings and recommendations. Though they agree that the motion to amend should be denied, Defendants argue strenuously that the Doe Defendants should be dismissed *with prejudice*.  (Doc. 38.)  Plaintiff did not file objections to the findings and recommendations or a response to Defendants' objections and the time to do so has expired.

1

1    According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the

2    case.  Having carefully reviewed the entire file, the Court concludes that the magistrate judge's

3    recommendations to deny the motion to modify the scheduling order and amend the complaint are

4    supported by the record and by proper analysis.  No party suggests otherwise.

5    The remaining issue is whether the Doe Defendants should be dismissed with or without

6    prejudice.  The Court has examined with care the cases cited in Defendants' objections.  Doe

7    defendants were dismissed with prejudice under somewhat similar circumstances in *Diamond v.*

8    *City of Los Angeles*, No. CV 15-7064 JAK (AJW), 2016 WL 3180226, at *10 (C.D. Cal. May 10,

9    2016), *report and recommendation adopted*, No. CV15-07064 JAK (AJW), 2016 WL 3176603

10   (C.D. Cal. June 6, 2016), aff'd, 700 F. App'x 727 (9th Cir. 2017) ("*Diamond II*").  There, the

11   plaintiff filed an initial lawsuit ("*Diamond I*") against the City and County of Los Angeles that

12   was pending for more than a year when it was dismissed for failure to state a claim and failure to

13   timely file a third amended complaint.  *Id*. at *10.  The second amended complaint filed in

14   *Diamond I* contained facts concerning individual Los Angeles Police Department officers and

15   even mentioned one by name, but the plaintiff failed to timely amend his complaint in *Diamond I*

16   to formally add those individuals as defendants.  *Id*. at *8.  Instead, he filed *Diamond II* and

17   named the individual defendants as Does.  *Id*. at *9.  Yet, in the first ten months *Diamond II* was

18   pending, the plaintiff did not amend the complaint to specifically name the Doe defendants,

19   request discovery to learn their identities, or take any other discernible steps to prosecute the

20   action against them.  *Id*. at *8.  This was even though plaintiff "ha[d] or should have had access to

21   the names of at least some of the Doe defendants before he filed his complaint."  *Id*.  Under the

22   circumstances before it and having previously warned Plaintiff that dismissal for failure to

23   prosecute was a possibility, the *Diamond II* court deemed it appropriate to dismiss the Doe

24   defendants with prejudice under Rule 41.  *Id*. at *11.

25   The procedural history of the present case is set forth in detail in the findings and

26   recommendations.  (Doc. 37 at 1–4.)  Pertinent here are the following facts drawn from that

27   summary.  The pleading amendment deadline was January 15, 2021.  (*Id*. at 3.)  That deadline

28   passed without any amendments.  (*Id*.)  Although the case was removed to this Court on July 31,

2020, (Doc. 1.), Plaintiff did not commence discovery in earnest until April 2021.  (Doc. 37 at 1.)  In May and June 2021, Plaintiff engaged in discovery regarding the identities and participation of the individual defendants, including taking their depositions.  (*Id*. at 4.)  Pursuant to a stipulation, the expert discovery deadline was extended by two months to December 12, 2021.  (*Id*.)  At no time during 2021 did Plaintiff request an extension of the amendment deadline.  Plaintiff then filed his motion to modify the scheduling order and to amend the complaint on March 24, 2022, indicating that it was an oversight that the individual defendants were not earlier substituted in place of the Doe defendants and contending that good cause to modify the schedule exists because Plaintiff did not discover the names of the individual defendants until well after the pleading amendment deadline.  (*See id*. at 8.)

Considering these facts, the magistrate judge concluded that Plaintiff failed to show diligence to seek amendment and to discover this case and therefore that he failed to show good cause to modify the scheduling order.  (*Id*.)  Among other things, the magistrate judge reasoned that Plaintiff could have begun discovery earlier, so that he could have timely identified the individual defendants; absent that, he should have recognized that he would not be able to do so in time and therefore should have asked for an extension of the pleading amendment deadline.  (*Id*. at 7.)  Nor did Plaintiff seek an extension of the deadline as non-expert discovery was ending or when the Court considered the parties' stipulation to modify the expert discovery deadlines.  (*Id*. at 7–8.)  Finally, even though Plaintiff knew of the deputies' identities in mid-2021, he waited until March 2022 to seek to formally add them to the case.  (*Id*. at 8.)  In sum, Plaintiff did not act with requisite diligence regarding discovery or amendment of the complaint.  That said, Plaintiff did conduct discovery as to the individual defendants, including taking depositions of five of the deputies Plaintiff now seeks to add as defendants.  (*Id*. at 4.)  Therefore, while there are common elements between this case and *Diamond II*, the circumstances are not exactly parallel because Plaintiff has taken at least some steps to prosecute this action as to the Doe Defendants.

Nonetheless, the Court is very concerned about the potential consequences of dismissal without prejudice.  Doing so would appear to have the operative effect of allowing Plaintiff to

evade the Court's scheduling order entirely despite Plaintiff's lack of diligence.  Defendants make this point in their opposition, and Plaintiff has thus far not responded.  The Court is inclined to dismiss the Doe Defendants with prejudice, but because no motion requesting this action has been formally filed, the Court will in an abundance of caution permit Plaintiff an opportunity to address the issue, Accordingly, and for the reasons set forth above:

1.      The findings and recommendations entered on June 1, 2022 (Doc. 37) are **ADOPTED IN PART**.

2.      Plaintiff's motion to modify the scheduling order and for leave to amend the complaint (Docs. 26, 27) is **DENIED**.

3.      The issue of whether the Doe Defendants will be dismissed with or without prejudice will be **HELD IN ABEYANCE**.

4.      On or before August 19, 2022, Plaintiff shall file a brief statement indicating whether he intends to oppose dismissal with prejudice.  The Court will take up the matter at the pretrial conference, currently scheduled for August 22, 2022, and will discuss the need for any further briefing at that time.

IT IS SO ORDERED.

Dated:   **August 12, 2022**

UNITED STATES DISTRICT JUDGE

4